**Opinion filed June 15, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00348-CV

_____

## IN THE INTEREST OF J.E.B. AND F.E.B., CHILDREN

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. CC-3539-PC**

**-- and --**

_____

## No. 11-16-00349-CV

_____

## IN THE INTEREST OF C.R., A CHILD

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. CC2-3545-PC**

-- and --

_____

## No. 11-16-00350-CV

_____

# IN THE INTEREST OF J.L.R., A CHILD

---

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-3574-PC**

---

## M E M O R A N D U M   O P I N I O N

In three separate causes, the trial court terminated the parental rights of the mother and the fathers of J.E.B., F.E.B., C.R., and J.L.R. The children's mother filed a notice of appeal in each cause. We dismiss the appeals.

In each appeal, the mother's court-appointed counsel has filed a motion to withdraw and a supporting brief in which he professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and presents no issues of arguable merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In light of a recent holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016).

The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

In each appeal, counsel provided Appellant with a copy of the brief, the motion to withdraw, and an explanatory letter. Counsel also informed Appellant of her right to review the records and file a pro se response to counsel's briefs. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), counsel provided Appellant with a copy of both the reporter's record and the clerk's records. This court also provided Appellant with a copy of the records upon her filing of a motion for pro se access to the records. We conclude that Appellant's counsel has satisfied his duties under *Anders*, *Schulman*, and *Kelly*.

We note that Appellant has filed a pro se response to counsel's *Anders* briefs. In her response, Appellant requests "another chance" and suggests that she is now "willing to do whatever it takes" to get custody of her children.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. However, in light of *P.M.*, we deny the motions to withdraw that were filed by Appellant's court-appointed counsel. *See P.M.*, 2016 WL 1274748, at *3.

Counsel's motions to withdraw are denied, and the appeals are dismissed.

PER CURIAM

June 15, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.